UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARVIN R. PERRY,**

      Petitioner,

v.

**UNITED STATES OF AMERICA;**
**THE COMMISSIONER OF INTERNAL**
**REVENUE; SHERRY DANIELS –**
**REVENUE AGENT,**

      Respondents.
                                /

Case No. 2:09-mc-50129

HON. DENISE PAGE HOOD
(Magistrate Judge Steven D. Pepe)

## ORDER

### I. INTRODUCTION

Before the Court is Petitioner's Petition to Quash Summons, filed on February 10, 2009. Also, before the Court is Respondent's Motion to Dismiss, filed on June 22, 2009. Petitioner did not file a Response to Respondent's Motion to Dismiss. A hearing on these matters was held on August 19, 2009. Respondents' counsel was present and argued on behalf of the Respondents. Also present was Respondent-Revenue Agent Sherry Daniels. Petitioner failed to appear at the hearing.

### II. STATEMENT OF FACTS

Petitioner, Marvin R. Perry, filed this action on February 10, 2009, seeking to quash five third-party Internal Revenue summonses issued respectively to Douglas Company (in Holland, OH), to Chemical Bank (in Midland, MI), to Huntington National Bank (in Columbus, OH), to Michigan Educational Credit Union (in Plymouth, MI), and to Ann Arbor Housing Commission (in Ann Arbor, MI). Revenue Agent Sherry Daniels, a Respondent in this matter, avers that she is conducting an examination of the tax liability of Petitioner for calendar years 2005, 2006, and 2007.

1

*See* Resps.' Mot. to Dism., Ex. 1, Dec. of Sherry Daniels. Respondent Daniels further declares that she served all five administrative summonses on January 15, 2009, and that said summonses directed the entity identified to give testimony and produce certain documents for an examination scheduled for February 9, 2009 at 9:00 a.m. *Id*. Respondent Daniels further declares that she gave notice to Petitioner on January 15, 2009 by sending a copy of each summons to him by certified mail to his last known address. *Id.*, and Attachment A.

### III. APPLICABLE LAW & ANALYSIS

Respondent has brought the present motion pursuant to Federal Rule of Civil Procedure 12(b)(1) of the Federal Rules of Civil Procedure, asserting that this Court lacks subject matter jurisdiction because Petitioner did not file his petition to quash within the time limit set forth in the Internal Revenue Code, which requires that a petition to quash be filed within twenty (20) days from the date that notice is given. *See* 26 U.S.C. § 7609(b)(2)(A). In the alternative, Respondent also argues that this Court lacks subject matter jurisdiction with respect to two of the Internal Revenue summonses as these third-parties reside out of district and the Internal Revenue Code requires that the petition to quash be filed in the district court within which the summoned person resides or is found. *See* 26 U.S.C. § 7609(h)(1). Lastly, Respondent asserts that even if this Court has subject matter jurisdiction over this matter, dismissal is appropriate because the United States Attorney has not been properly served with process, as such, this Court lacks personal jurisdiction over Respondents.

Turning to Respondents' first two arguments, the Court notes that dismissal is appropriate under Rule 12(b)(1) if the Court lacks subject matter jurisdiction over the Plaintiff's claims. *See* Fed. R. Civ. P. 12(b)(1). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1),

the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Autho.*, 895 F. 2d 266, 269 (6th Cir. 1990).  The Court first considers the United States Respondents' Rule 12(b)(1) motion, since challenges brought pursuant to any other section of Rule 12 become moot if this Court lacks subject matter jurisdiction. *Id.*

Title 26 of the United States Code authorizes the Internal Revenue Service to examine relevant documentation and summon third-party recordkeepers in possession of pertinent information when investigating the tax liability of an individual. *See* 26 U.S.C. § 7602(a). The individual who is the subject of third-party summonses is entitled to notice that the summonses have been served. *See* 26 U.S.C. § 7602(c). Notice is sufficient if "mailed by certified or registered mail to the last known address of such person . . . ." 26 U.S.C. § 7609(a)(2). "Such notice must be accompanied by a copy of the summons which has been served on the third-party recordkeeper and must contain an explanation of the taxpayer's right to bring a proceeding to quash the summons." *Clay v. United States*, 199 F.3d 876, 878 (6th Cir. 1999) (citing 26 U.S.C. § 7609(a)(1)). "The recipient of notice of the summons may then file a petition to quash the summons . . . ." *Id.* (citing 26 U.S.C. § 7609(b)(2)(a)).  26 U.S.C. § 7609(b)(2)(a) states:

> In general. Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

26 U.S.C. § 7609(b)(2)(a).

Section 7609 further provides that the petition to quash summons shall be filed in the district within which the person summoned resides or is found. *See* 26 U.S.C. § 7609(h)(1) ("The United States district court for the district within which the person to be summoned resides or is found shall

have jurisdiction to hear and determine any proceeding [to quash].") According to the third-party summonses attached to Respondent Daniels' declaration, two of the third-parties, Douglas Company, 1716 Perrysburg-Holland Rd., Holland, OH 43528, and Huntington National Bank, 7 Easton Oval EA4W34, Columbus, OH 43219 are located outside of this district. *See* Resps.' Mot. to Dism., Ex. 1, and Attachment A. Accordingly, this Court will dismiss Petitioner's petition to quash as to these third-parties pursuant to § 7609(h)(1); *see also, Beck v. United States*, No. 02-6184, 2003 WL 1194253, * 2 (6th Cir. March 7, 2003) (affirming district court's dismissal of the petitioners' petition because none of the third-party recordkeepers resided or could be found within the Eastern District of Kentucy.)

Respondent next argues that Petitioner's petition to quash the summons is untimely pursuant to section 7609 because Petitioner did not file his petition until February 10, 2009, six days beyond the February 4, 2009 deadline for filing his petition. He was given notice of the third-party summonses on January 15, 2009. The twenty day limit contained in section 7609(b)(2)(a) is a jurisdictional requirement. *See Clay*, 199 F. 3d at 880 (finding that the district court properly dismissed petitioner's petition to quash third-party recordkeeper summonses based on a lack of jurisdiction, since the petitioner filed the petition two days after the twenty day time limit).

This Court agrees with Respondent that it lacks subject matter jurisdiction over Petitioner's petition, as it was filed beyond the twenty day time limit set forth in section 7609(b)(2)(a). As such, dismissal of this proceeding is appropriate and Respondents' Motion to Dismiss is GRANTED.[1] The

---

[1] The Court notes that in *Shisler v. United States*, 199 F. 3d 848 (6th Cir. 1999), the Sixth Circuit explained that "[t]he purpose of sections 7609(a) and (b)(2)(A) is to allow the noticee to bring a petition to quash within twenty days by giving him notice that his bank has been summoned . . . relating to the noticee's financial affairs." *Id*. at 851. In *Shisler*, the court found that the "purpose of the statute was clearly fulfilled" as the petitioner received "notice of the

Court will not address Respondents' last argument that this Court lacks personal jurisdiction over Respondents because of Petitioner's failure to effect proper service pursuant to Federal Rule of Civil Procedure 4(i).

## V.     CONCLUSION

Accordingly,

IT IS ORDERED that Respondents' Motion to Dismiss [**Docket No. 2, filed June 22, 2009**] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Petition to Quash Summons [**Docket No. 1, filed February 10, 2009**] is DISMISSED WITH PREJUDICE.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record and Marvin R. Perry, P. O. Box 7102, Ann Arbor, MI 48107 on September 15, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

---

summonses and an explanation of petitioners' right to bring a motion to quash . . . ." *Id.*  The Court further notes that Respondents' Motion to Dismiss originally failed to provide any evidence that Petitioner was provided an explanation of his right to bring a proceeding to quash the third-party summonses. As such, the Court held a hearing the following day, on August 20, 2009, and requested that Respondents produce evidence that Petitioner was provided with notice of his right to bring a motion to quash.

On August 24, 2009, Respondents filed a Notice of Filing Supplemental Declaration of Revenue Agent in support of its Motion to Dismiss. *See* Dkt. No. 5. Respondent Daniels declares that when she gave notice to Petitioner of the third-party summonses, she also provided instructions for preparing a petition to quash plus copies of the relevant statutory provisions of Sections 7609 and 7602 *et seq. Id.*  As such, the Court is satisfied that the purpose of sections 7609(a) and (b)(2)(A) have been met and dismissal for lack of subject matter jurisdiction is warranted.

5